IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

      v.                                                  22-CR-00184-V

DANIEL WARMUS,

                    Defendants.

## GOVERNMENT'S SUPPLEMENTAL RESPONSE TO PETITION FOR RELIEF FROM CONDITION

A Petition for Relief from Condition of Probation was filed by the defendant, Daniel WARMUS ("WARMUS") on March 3, 2023. Dkt. 9. On March 24, 2023, the United States of America filed a response in opposition to the petition. Dkt. 12. The United States of America hereby files this supplemental response in opposition to the petition.

## PRELIMINARY STATEMENT

On February 10, 2023, an Initial Appearance was conducted following the issuance of a Summons for a Modification Hearing as to Daniel WARMUS ("WARMUS"). Dkt. 3. United States Probation petitioned to modify the conditions of supervision to add the following provision:

> *The defendant is prohibited from recording videos in or around county, state, or federal buildings. Furthermore, the defendant shall not record or post videos of public employees to social media accounts.*

On March 3, 2023, the government submitted a brief in support of the imposition of the special condition. Dkt. 10. WARMUS responded to the government's submission on March 24, 2023. Dkt. 11.

During the proceedings on February 10, 2023, WARMUS raised a related objection to one of the special conditions of his probation that had been imposed at sentencing. The special condition WARMUS found objectionable was the following:

> *You are prohibited from entering law enforcement property without prior permission from the court.*

21-CR-00417, Dkt. 42.

At the conclusion of the proceedings, WARMUS was directed to file a petition in support of his objection to the special condition for the Court's consideration. WARMUS filed the petition on March 3, 2023. Dkt. 9.

On March 24, 2023, the government opposed the petition. Dkt. 12. The government has since learned of a recent Second Circuit decision, *United States v. Cottom*, 2023 U.S. App. LEXIS 5078 *; 2023 WL 2317178, that was decided on March 2, 2023, which may impact the Court's consideration of the issues. The *Cottom* case originated in the Western District of New York.

## ARGUMENT

### The District Court Lacks Authority to Consider the Legality of Special Conditions Imposed at Sentencing

WARMUS seeks to remove the special condition that prohibits him from entering law enforcement property without prior permission from the court "as a constitutional matter and for policy reasons." Dkt. 9 at 3. However, WARMUS failed to indicate the basis upon

which relief can be granted.  To the extent WARMUS seeks to modify his special conditions pursuant to Title 18, United States Code, Section 3583(e), the government objects as the district court lacks authority to consider the legality of special conditions imposed at sentencing.  The proper way to challenge the legality of a special condition would have been to seek direct review on appeal, or under 28 U.S.C. § 2255.

In *United States v. Cottom*, 2023 U.S. App. LEXIS 5078 \*; 2023 WL 2317178, Cottom appealed that portion of Judge Wolford's Order denying his Motion to Modify Conditions of Release.  Judge Wolford held that she could not consider arguments relating to the lawfulness of the conditions, including an argument that the conditions violated Cottom's constitutional rights.  *Id.*  Cottom had argued that 18 U.S.C. § 3583(e) enabled the district court to consider his arguments concerning the illegality of the special conditions imposed at sentencing.

Judge Wolford disagreed with Cottom's analysis, as did the Second Circuit Court of Appeals.  The Second Circuit stated: "As this Court has already held, § 3583(e) does not allow a district court to consider arguments about the legality of special conditions.  *See United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997) ('Subsection 3583(e)(2) on its face authorizes the court to modify conditions of supervised release only when general punishment goals would be better served by a modification.  It does <u>not</u> authorize the court to assess the lawfulness of a condition of release.')."  *Id.*  The Second Circuit held that the decision in *Lussier* "preclude[d] [its] consideration of nearly all of Cottom's arguments in support of his

motions, [including the argument that one of the conditions] facially violate[d] the First Amendment . . ." *Id.*

## CONCLUSION

Based on the decisions in *Cottom* and *Lussier*, that portion of WARMUS' petition arguing the illegality of the special condition should be denied.

DATED: Buffalo, New York, March 31, 2023.

<div style="margin-left: 50%;">
TRINI E. ROSS<br>
United States Attorney
</div>

BY:   ***s/ RUSSELL T. IPPOLITO, JR.***
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5843
Russell.Ippolito@usdoj.gov