Prob 12D
(6/05)



# United States District Court

For

## The Western District of New York

### Request for Summons and
### Modification of the Conditions or Term of Supervision

**Name of Offender:** Daniel Warmus      **Case Number:** 1:22CR00184-001

**Name of Sentencing Judicial Officer:** Honorable Paul L. Friedman, U.S. District Court Judge

**Transfer of Jurisdiction:** On December 13, 2022, jurisdiction was accepted by the Honorable Lawrence J. Vilardo, U.S. District Judge

**Date of Original Sentence:** September 27, 2022

**Original Offense:** Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. §5104(e)(2)(G)

**Original Sentence:** Forty-five (45) days incarceration, followed by twenty-four (24) months of probation. Special conditions include: restitution to the Architect of the Capitol in the amount of $500; financial disclosure; sixty (60) hours of community service; removal of firearms; prohibited from entering law enforcement property without court's permission; not knowingly enter Washington, D.C. without permission from the probation officer; and transfer of jurisdiction to the Western District of New York.

**Type of Supervision:** Probation      **Date Supervision Commenced:** January 13, 2023

### PETITIONING THE COURT

Since the subject did not waive a hearing, the probation officer requests that a summons be issued, and a hearing be held to modify the conditions of supervision as follows:

> ***You shall not engage in conduct constituting a violation of New York State Penal Law 240.26 (Harassment) or New York State Penal Law 240.20 (Disorderly Conduct).***

### CAUSE

As detailed in his Presentence Report (PSR), Mr. Warmus was convicted of conduct that occurred on January 6, 2021, at the U.S. Capitol building. Following his release from incarceration on January 13, 2023, he began his supervision in the Western District of New York. Mr. Warmus continues to operate a YouTube channel called "Auditing Erie County" (AEC) as his source of employment. Our office has continued to monitor his auditing activities to ensure his behavior does not reach the level of noncompliance or hinder his progress on supervision.

At the last court appearance, Your Honor referenced concern regarding Mr. Warmus' conduct during his audit at Yorkshire Town Hall in April. His conduct during this audit bordered on committing a new crime and at the least met the level of a violation of New York State Penal Law 240.26 (Harassment). As this conduct is not a new felony or misdemeanor crime, there is not a condition of supervision that prohibits him from engaging in such behavior.

**RE: Daniel Warmus**
   **#1:22CR00184-001**
   **Page 2**

On July 5, 2023, the Town of Hamburg Police Department contacted this officer regarding videos that the subject posted on his YouTube channel which displayed interactions with officers from the Town of Hamburg Police Department. Since the release of the videos, during which Mr. Warmus suggests his audience call to complain and voice their grievances, the Town of Hamburg Police Department's non-emergency phone lines have been inundated with people calling to make complaints and, in many cases, threats of violence to members of their agency. The volume of these phone calls to their dispatch center has overwhelmed dispatchers, who are unable to field calls regarding genuine emergencies. Most of the callers are from across the country and are not local to the municipality of the Town of Hamburg. Since Mr. Warmus' first video of an interaction with a Hamburg police officer, the department has received hundreds of frivolous calls threating violence towards their officers or other members of law enforcement. When the formal process to file a complaint is explained to the caller, they do not do so. The nature of most of the messages have the Town of Hamburg Police Department believing that these calls and the narrative Mr. Warmus portrays of their department, places their officers in danger of retaliation by members of the audience of his YouTube channel. The department has recordings of these phone calls.

There is no allegation that Mr. Warmus is making these phone calls or forcing others to do so. However, he is encouraging all viewers of his videos to call and lists the contact information for the people in the videos. If Mr. Warmus is sincere in his desire to better his communities and keep governments accountable, he can do it in a manner that does not lead to a disruption of business and employees living in fear. What is happening as a result of some of these videos is doing more damage to the community than good. Our office has been encouraging Mr. Warmus to use his influence to make a positive change and bridge the gap between the communities and the people that serve them.

In response to the aforementioned incidents, this officer spoke with Mr. Warmus to propose adding a condition that would prohibit him from engaging in conduct constituting a violation of New York State Penal Law 240.26 (Harassment) or New York State Penal Law 240.20 (Disorderly Conduct). The proposed condition would allow Mr. Warmus to continue his employment as an auditor while keeping him accountable for any harassing or provoking behavior or disorderly conduct that interferes with, or influences others to interfere with, the administration of government business or justice. This includes behavior or repeated acts which annoy or alarm another person. This proposed condition would hopefully assist Mr. Warmus with acting appropriately during his employment and not lead to further situations that are disturbing to the public. The goal is that Mr. Warmus can successfully complete his supervision while the community benefits from his auditing activities and is not hindered by them. Ultimately, Mr. Warmus declined to sign the waiver and requested to appear before Your Honor regarding the proposed modification condition.

Mr. Warmus' conduct is similar to when he was on pretrial supervision, as detailed in paragraphs 7, 9, and 9a of his PSR. It was explained to Mr. Warmus that he could be held legally liable for any violence or threats that occur from the videos he posts to social media. Also, if he is held legally liable for incidents that occur due to his videos, that could lead to a potential violation of his mandatory condition of committing a new crime. This officer believes including this condition will increase Mr. Warmus' chances of success on supervision. There are peaceful ways that he can accomplish his auditing of Erie County as his prior activities have only led to issues.

**Further information**: On July 2, 2023, the subject was arrested by the Lancaster Police Department for Operating While Registration Suspended/Revoked, in violation of New York State Violation and Traffic Law, Section 512 (Misdemeanor), and Sidewings/Sidewidows/Non/Transparent, in violation of New York State Violation and Traffic Law, Section 37512AB2 (traffic infraction). The subject reported the law enforcement contact as required. Additionally, he has provided documentation that the window tints on the vehicle have been removed, that the

RE: Daniel Warmus
    #1:22CR00184-001
    Page 3

vehicle is now currently insured, and the lapse of registration has been paid on the vehicle. The U.S. Probation Office is recommending no further action regarding this misdemeanor charge.

At this time, it is requested that a summons be issued so Mr. Warmus can appear before Your Honor to address the proposed modification.

Reviewed by:

_____
Peter J. Lepiane
Supervising U.S. Probation Officer

Respectfully submitted by:

_____
Andrew J. Kerrissey
Special Offender Specialist
Date: July 7, 2023

THE COURT ORDERS:

☐  No Action
☒  The Issuance of a Summons for a Modification Hearing  on 7/13/2023 AT 11:00 AM
☐  Other

_____
Signature of Judicial Officer

7-10-23
Date